# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CR329 |
|---|---|---|
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| SARI ALQSOUS, | ) | |
| DEFENDANT. | ) | |

This matter comes before the Court upon the motion of defendant Sari Alqsous ("Alqsous") to permit an out of time appeal. (Doc. No. 573 ["Mot."].) Because Alqsous failed to meet his burden of establishing "excusable neglect," the Court denies the motion.

## I. BACKGROUND

On April 11, 2019, following a jury trial wherein Alqsous and three co-defendants were convicted of multiple counts of federal fraud and fraud-related statutes, the Court sentenced Alqsous to an aggregate term of 151 months imprisonment and set a subsequent hearing on the issue of restitution. (*See* Non-document Order, Apr. 11, 2019.) On April 15, 2019, Alqsous filed a notice of appeal from the Court's announced sentence. (Doc. No. 494.) On May 24, 2019, the Court conducted a restitution hearing, at the conclusion of which, the Court advised that the final restitution amount determined at the hearing would be reflected in the Court's final judgment. (Non-document Order, May 24, 2019.) Alqsous filed a second notice of appeal, this time challenging the Court's announced, but not yet journalized, restitution order. (Doc. No. 514.) On

May 31, 2019, the Court entered final judgment against Alqsous. (Doc. No. 517 (Judgment).) On June 14, 2019, Alqsous filed an amended notice of appeal from the Court's final judgment. (Doc. No. 531.)

Alqsous also filed a motion wherein he sought leave to amend his previously denied motions for relief from the jury's verdicts under Rules 29 and 33 of the Federal Rules of Criminal Procedure. (Doc. No. 532.) In a decision dated September 27, 2019, the Court ruled that Alqsous was not entitled to an indicative ruling under Fed. R. Crim. P. 37 because his motion was untimely. (Doc. No. 567 ["Order"] at 24345.[1]) The Court further determined that, even if the motion had been timely, Alqsous' argument alleging discovery violations would have still failed because the evidence at issue was disclosed prior to trial and was the subject of pretrial evidentiary motion practice. (*Id*. at 24343–44, 24345.)

**II. ANALYSIS**

Rule 4(b) of the Federal Rules of Appellate Procedure controls the timing for filing a notice of appeal. Rule 4(b)(1)(A) requires a criminal defendant to file a notice of appeal within 14 days *after* the later of: "(i) the entry of either the judgment or *the order being appealed*; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A) (emphasis added). The Court's Order was entered on September 27, 2019. Alqsous, therefore, had until October 11, 2019 to file a timely notice of appeal but did not file one, nor did he file a motion to amend his previously filed notices of appeal. Instead, on October 24, 2019, nearly a month after entry of the Court's Order, Alqsous filed the present motion. In support of the motion, counsel represents that he "believed that the [Sixth Circuit] would is[sue] an order expanding the record to include" the

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

Court's Order, "however, no such order was entered and now an appeal of such denial is untimely." (Mot. at 24363.)

The plain language of Rule 4(b) provides that the notice of appeal must be filed within 14 days after entry of the particular order or judgment upon which the appeal is taken. *See Manrique v. United States*, --U.S.--, 137 S. Ct. 1266, 1271, 1274, 197 L. Ed. 2d 599 (2017) (emphasizing that the notice of appeal must be filed *after* entry of the order or judgment from which an appeal is taken and finding that a single notice of appeal, filed between the initial judgment and the amended judgment, was insufficient to invoke appellate review of the amended judgment). There is no provision in Rule 4(b) for the court of appeals to *sua sponte* expand the scope of a previously filed notice of appeal to include subsequent rulings. Accordingly, unless Alqsous' failure to follow the procedural rules is excused, he may not appeal from the Court's Order.

Rule 4(b) allows for consideration of a motion to extend the time period for filing an appeal. Specifically, Rule 4(b)(4) provides:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, without or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4). "Good cause will be found where forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citation omitted). Excusable neglect, in contrast, covers both faultless omissions and omissions caused by carelessness. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). In *Pioneer*, the Supreme Court identified several factors for considering whether neglect is excusable, including:

(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id*. at 395. Applying these factors, "[c]lients are held accountable for the acts and omissions of their attorneys[.]" *Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012) (citing, among authority, *Pioneer*, 507 U.S. at 392, 396). District court are not permitted to carte blanche grant motions for extensions of time under Fed. R. App. 4. *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996). Although the standard is not impossible to satisfy, "excusable neglect" has been reserved for "'extraordinary cases.'" *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 458 (6th Cir. 2004) (quoting *Nicholson*, 467 F.3d at 526).

Alqsous suggests that his counsel's misunderstanding as to the nature of Rule 4 actually shows "good cause" to warrant extending the deadline for filing a notice of appeal. (Mot. at 24363–64.) Yet, as previously noted, "good cause" refers to forces beyond a defendant's control that prevented the timely filing of a notice of appeal. *See United States v. Douglas*, 746 F. App'x 465, 467 (6th Cir. 2018) (loss of legal paperwork did not constitute a force beyond the defendant's control because no particular form was necessary to file a notice of appeal) (quotation marks and citation omitted). Counsel's interpretation of the procedural rules was well within his control. *See Douglas v. Swing*, 482 F. App'x 988, 989 (6th Cir. 2012) (counsel's miscalculation of time for filing a notice of appeal and client's delay in paying retainer were matters within the control of the defendant and his counsel and did not constitute good cause).

Alqsous also focuses on the government's lack of opposition to his motion, presumably to show a lack of prejudice for purposes of the "excusable neglect" analysis. While the danger of

4

prejudice to the opposing party is among the factors identified in *Pioneer* to be considered—the factors do not carry equal weight—"the reason for the delay is the factor that is the most critical to the excusable neglect inquiry." *Proctor*, 560 F. App'x at 459 (citation omitted); *see Jackson*, 463 F. App'x at 513 (observing that "'the excuse given for the late filing must have the greatest import'") (quoting *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)). "Should a district court find excusable neglect, the court must then examine the questions of prejudice and bad faith; if there is any indication of bad faith or any evidence of prejudice to the appellee or to judicial administration, the district court may then choose to exercise its discretion and deny the requested extension." *Curry v. Eaton Corp*., 400 F. App'x 51, 57 (6th Cir. 2010) (citing *Thompson*, 82 F.3d at 702). Even in cases where there is no prejudice to the non-moving party and the delay is minimal with almost no impact on judicial proceedings, a failure to show excusable neglect will still result in the denial of a motion to extend time to file an appeal. *See generally Deym v. von Fragstein*, 127 F.3d 1102 (Table), 1997 WL 650933, at *3 (6th Cir. 1997). Accordingly, the Court will first address the stated reason for the delay.

Counsel explains that he believed that the Sixth Circuit would *sua sponte* expand the record on appeal to include this Court's ruling on his client's motion to amend his Rule 29 motion because it had previously held his appeal in abeyance while this Court considered the underlying motion. (Mot. at 24363.) Had this Court *granted* the motion and issued an indicative ruling under Fed. R. Crim. P. 37, the Sixth Circuit could have remanded the matter to the district court for consideration of the motion on the merits. *See* Fed. R. Crim. P. 37(c). There is nothing, however, in the clear language of Fed. R. App. P. 4(b) that would have suggested that the Sixth Circuit would automatically incorporate a *denial* of a request for an indicative ruling into a

previously filed notice of appeal. Moreover, counsel's proffered interpretation of Rule 4(b) is at odds with the numerous preemptive notices of appeal and amendments to existing notices of appeal that he has already filed on behalf of his client, clearly demonstrating that he understood that each ruling requires a new notice or amendment to an existing notice. (*See, e.g.*, Doc. Nos. 494 (Alqsous Notice of Appeal), 514 (Alqsous Notice of Appeal), 531 (Alqsous Amended Notice of Appeal).)

In *Pioneer*, the Supreme Court emphasized that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect[.]'" *Pioneer*, 507 U.S. at 392. Since *Pioneer*, courts, including the Sixth Circuit, have consistently held that "misreading a rule or statute does not constitute excusable neglect." *Deym*, 1997 WL 650933, at *3 (collecting cases); *Ad. Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) (noting that "no circuit that has considered the issue after *Pioneer* has held that an attorney's failure to grasp the relevant procedural law is 'excusable neglect'") (collecting cases); *see also McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.,* 298 F.3d 586, 595 (6th Cir. 2002) (interpreting Fed. R. Civ. P. 60(b)(1); "an attorney's inaction or strategic error based upon a misreading of the applicable law cannot be deemed 'excusable neglect'"). Here, counsel's misinterpretation of the clear language of Fed. R. App. P. 4(b) outweighs the lack of prejudice to the government and the absence of bad faith.

### III. CONCLUSION

Considering all of the relevant circumstances, the Court finds that Alqsous' neglect in failing to timely file an appeal from the Court's order is not excusable. For the foregoing reasons,

Alqsous' motion for an extension of time to file an appeal is denied.

    **IT IS SO ORDERED**.


Dated: January 24, 2020

    **HONORABLE SARA LIOI**
    **UNITED STATES DISTRICT JUDGE**