UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:16-cr-329-2 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| SARI ALQSOUS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On March 24, 2025, the Court issued a 55-page decision denying the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by defendant Sari Alqsous ("defendant" or "Alqsous"). (Doc. No. 759 (Memorandum Opinion and Order); Doc. No. 760 (Judgment Entry).) In so ruling, the Court also declined to issue a certificate of appealability ("COA"). (Doc. No. 759, at 55.[1]) On April 11, 2025, Alqsous filed a Notice of Appeal, challenging the ruling on the motion to vacate and moving the Sixth Circuit to issue a COA. (Doc. No. 761 (Notice of Appeal).) The Court transferred the filing to the Sixth Circuit to determine whether a COA should issue. (Doc. No. 763 (Order of Transfer).) The Sixth Circuit assigned a case number, and defendant's application for a COA remains pending. (*See* Sixth Circuit Court of Appeals Case No. 25-3285, Doc. No. 5 (Application).)

Now before the Court is defendant's motion for reconsideration of the Court's order

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

denying his motion vacate, filled May 5, 2025. (Doc. No. 765 (Motion).) Plaintiff United States of America (the "government") responded to the motion (Doc. No. 766 (Response)), and defendant filed a reply. (Doc. No. 767 (Reply).)

As a threshold matter, the Court finds that defendant's motion, brought under Fed. R. Civ. P. 59(e), is untimely. "A party must file [his] Rule 59(e) motion to alter or amend a judgment 'no later than 28 days after the entry of the judgment.'" *Hunter v. United States*, 792 F. App'x 370, 371 (6th Cir. 2019) (quoting Fed. R. Civ. P. 59(e)). The Court's memorandum opinion and judgment were entered on March 24, 2025, meaning Alqsous had until April 21, 2025, to file his motion under Rule 59(e). Instead, he filed his motion seven days after the deadline on April 28, 2025. (*See* Doc. No. 765, at 11)

In his reply, Alqsous contends that the "prison mailbox rule" renders his motion timely. (Doc. No. 767, at 2–3.) This argument is unavailing. First recognized in *Houston v. Lack*, 487 U.S. 266, 270–72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), the prison mailbox rule provides that a federal prisoner's *pro se* motion is deemed filed on the date that it was submitted to prison officials for mailing. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). Alqsous fails to indicate in his motion when it was placed in the prison mailing system. Nevertheless, the Court has given Alqsous the benefit of the doubt and presumed that the motion was mailed on April 28, 2025, the day he served a copy on the Clerk of Court and the government.[2] (Doc. No. 765, at 11 (Certificate of Service).) Even with this generous concession, the motion is untimely.

---

[2] According to Alqsous, he "attests, through his certificate of service affixed [to] his [m]otion for reconsideration[,] that he delivered his [m]otion for mailing on or before April 22, 2025." (Doc. No. 767, at 3.) As noted, the certificate of service indicates that a copy of the motion was served on April 28, 2025, not April 22, 2025. (*See* Doc. No. 765, at 11.) Further, even if the motion had indicated service "on or before April 22, 2025," the motion would still be time-barred as it would have had to have been filed by April 21, 2025 to be timely.

2

Alternatively, Alqsous argues that equitable tolling should excuse any untimeliness. (Doc. No. 767, at 4.) District courts, however, lack the authority to enlarge the time period under Rule 59(e). *See Banister v. Davis*, 590 U.S. 504, 507–08, 140 S. Ct. 1698, 207 L. Ed. 2d 58 (2020) (citing Fed. R. Civ. P. 6(b)(2)); *see also Keith v. Bobby*, 618 F.3d 594, 598–99 (6th Cir. 2010) (finding that Rule 6(b)(2) prohibits equitable tolling of the filing deadline in Rule 59(e) (citations omitted)). The Sixth Circuit, and district courts therein, routinely enforce Rule 59(e)'s mandatory filing period, including against *pro se* litigants. *See, e.g.*, *Ross v. Teleperformance USA Inc.*, No. 14-4134, 2015 WL 13933132, at *1 (6th Cir. Dec. 21, 2015) (affirming denial of Rule 59(e) motion as untimely where *pro se* plaintiff filed the motion four days late); *see also United States v. Conley*, No. 5:15-cr-254, 2021 WL 4060374, at *2 (N.D. Ohio Sept. 7, 2021) (finding Rule 59(e) motion filed beyond the 28-day deadline untimely); *Erickson v. Renfro*, 5:14-cv-265, 2015 WL 5475988, at *2 (E.D. Ky. Sept. 10, 2015) (finding Rule 59(e) motion filed 34 days after the court entered judgment untimely); *Curry v. City of Mansfield*, No. 1:12-cv-276, 2012 WL 3025177, at *1 (N.D. Ohio July 24, 2012) ("Because Curry's motion to alter or amend was filed more than 28 days from the date of the judgment she seeks to alter, the Court finds her Rule 59(e) motion untimely."). Thus, equitable tolling does not excuse Alqsous's untimely motion.

When a party's Rule 59 motion is not filed within the mandatory 28-day filing period, the Court may consider the motion as one requesting relief from judgment pursuant to Fed. R. Civ. P. 60(b).[3] *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) (citation omitted). While the government agrees that Alqsous's motion can be treated as if it were filed under Rule 60(b), it argues that the Court should refrain from ruling on it "because Alqsous has filed a notice

---

[3] Rule 60(b) motions may be filed within a year after the entry of the judgment or order. *See* Fed. R. Civ. P 60(c).

of appeal on this Court's judgment, which divests this Court of jurisdiction to adjudicate this matter." (Doc. No. 766, at 4 (citations omitted).) The Court agrees with the government.

A notice of appeal generally divests the district court of jurisdiction, leaving it "without jurisdiction to grant" a motion under Fed. R. Civ. P. 60(b). *Pickens v. Howes*, 549 F.3d 377, 383 (6th Cir. 2008) (citation omitted). Once jurisdiction has transferred to the court of appeals, the district court has no jurisdiction, "except to act in aid of the appeal." *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 345 n.1 (6th Cir. 1976) (citing cases). "If the district judge believes there should be relief from the judgment, the district court is to indicate that it would grant the motion. The appellant should then make a motion in [the court of appeals] for a remand of the case so that the district court can grant relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 359 n.1 (6th Cir. 2001) (citing Fed. R. Civ. P. 60(b)); *see also* Fed. R. Civ. P. 62.1(a) (discussing indicative rulings).

Here, the Court does not believe that the Rule 60(b) motion presents a basis for relief from the Court's judgment denying defendant's motion to vacate, set aside or correct judgment. In fact, if the Court was presently able to address the motion, it would find that it represents a second or successive petition for which prior authorization from the Sixth Circuit is required. A Rule 60(b) motion for relief from judgment that "'add[s] a new ground for relief'" or that "'attacks the federal court's previous resolution of a claim *on the merits*'" should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing. *See In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2019) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (emphasis in original)). By contrast, a motion that attacks "some defect in the integrity of the federal habeas proceedings" is properly brought

4

pursuant to Rule 60(b). *Id.* (citing *Gonzalez*, 545 U.S. at 532). Alqsous's Rule 60(b) motion fails to raise a defect in the integrity of the federal habeas proceedings. Rather, he has alleged that the Court clearly erred: "by rejecting [his] arguments concerning his employment status" (Doc. No. 765, at 5), "by invoking the concurrent sentence doctrine to avoid substantive review" (*id.* at 6), "in rejecting" Alqsous's ineffective assistance of counsel claim relating to the adequacy of his plea colloquy (*id.* at 7), and "by denying Alqsous's § 2255 Motion without conducting an evidentiary hearing[.]" (*Id.* at 8.) Because his Rule 60(b) motion "attacks the federal court's previous resolution of [the claims] *on the merits,*" it is properly treated as a second or successive petition. *In re Nailor*, 487 F.3d at 1022 (citing *Gonzalez*, 545 U.S. 532). Accordingly, the Court indicates that, if it had jurisdiction over the Rule 60(b) motion, it would transfer the motion to the Sixth Circuit as a second or successive petition.

For the foregoing reasons, defendant's Rule 60(b) motion is dismissed for want of jurisdiction.

**IT IS SO ORDERED**.

Dated: August 15, 2025

                                                           **HONORABLE SARA LIOI**
                                                           **CHIEF JUDGE**
                                                           **UNITED STATES DISTRICT COURT**